TRINETTE G. KENT (State Bar No. 222020)
10645 North Tatum Blvd., Suite 200-192
Phoenix, AZ 85028
Telephone: (480) 247-9644
Facsimile: (480) 717-4781
E-mail: tkent@lemberglaw.com

Of Counsel to
Lemberg Law, LLC
A Connecticut Law Firm
1100 Summer Street
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424

Attorneys for Plaintiff,
Ashley Cirotto

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Ashley Cirotto,<br><br>          Plaintiff,<br><br>     vs.<br><br>Performant Recovery, Inc.; and DOES 1-10, inclusive,<br><br>          Defendants. | Case No.: 4:14-cv-4132<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *ET. SEQ*;**<br><br>**JURY TRIAL DEMANDED** |

COMPLAINT FOR DAMAGES

For this Complaint, Plaintiff, Ashley Cirotto, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

4. Plaintiff, Ashley Cirotto (hereafter "Plaintiff"), is an adult individual residing in Columbus, Ohio, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Performant Recovery, Inc. ("Performant"), is a California business entity with an address of 333 N Canyons Pkwy Ste 100, Livermore, California 94551, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by Performant and whose identities are currently unknown to Plaintiff. One or more of

the Collectors may be joined as parties once their identities are disclosed through discovery.

7. Performant at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A.**     **The Debt**

8. Plaintiff's husband allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to Performant for collection, or Performant was employed by the Creditor to collect the Debt.

11. Performant attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B.**     **Performant Engages in Harassment and Abusive Tactics**

12. Within the last year, Performant contacted Plaintiff in an attempt to collect the Debt owed by Plaintiff's husband.

13. At all times mentioned herein, Plaintiff spoke to Performant on her husband's behalf.

14. During at least one conversation with Performant, Plaintiff explained that her husband was paid on a specific date; therefore, they could not make a payment toward the Debt before that specific date.

15. Despite being informed that payment could not be made until a specific date, Performant proceeded to call Plaintiff again the very same day.

16. Furthermore, on or about August 13, 2014, Performant called Plaintiff in an attempt to collect the Debt.

17. During this conversation, Plaintiff informed Performant that she was unable to talk and requested that Performant call back after noon the following day, August 14, 2014.

18. Despite Plaintiff's unequivocal request, Performant called her at approximately 9:35 a.m. on August 14, 2014. Plaintiff answered the phone and again explained that she was unable to talk at that time. Performant continued to call Plaintiff repeatedly that same day.

19. Aside from the foregoing, Performant attempted to collect the Debt on numerous occasions by placing multiple calls to Plaintiff at an excessive and harassing rate.

20. Moreover, Performant threatened garnishment of wages. At the time Performant threatened garnishment, it had no present legal ability to effectuate an

immediate garnishment without first providing Plaintiff with the proper notices as required by law.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692, *et seq.*

21.  Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

22.  Defendants contacted Plaintiff at a place and during a time known to be inconvenient for Plaintiff, in violation of 15 U.S.C. § 1692c(a)(1).

23.  Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d.

24.  Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass, in violation of 15 U.S.C. § 1692d(5).

25.  Defendants used false, deceptive, or misleading representation or means in connection with the collection of a debt, in violation of 15 U.S.C. § 1692e.

26.  Defendants threatened Plaintiff with garnishment if the debt was not paid, in violation of 15 U.S.C. § 1692e(4).

27.  Defendants employed false and deceptive means to collect a debt, in violation of 15 U.S.C. § 1692e(10).

28. Defendants used unfair and unconscionable means to collect a debt, in violation of 15 U.S.C. § 1692f.

29. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

30. Plaintiff is entitled to damages as a result of the Defendants' violations.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendants as follows:

A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

B. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants;

C. Costs of litigation and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;

D. Punitive damages; and

E. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

| | | |
|---|---|---|
| 1 | DATED:  September 12, 2014 | TRINETTE G. KENT |
| 2 | | |
| 3 | | By: */s/   Trinette G. Kent* |
| 4 | | Trinette G. Kent, Esq. |
| 5 | | Lemberg Law, LLC<br>Attorney for Plaintiff, Ashley Cirotto |